## GENERAL FIRE EXTINGUISHER CO. v. MALLERS et al.

(Circuit Court, N. D. Illinois, N. D. May 12, 1900.)

### No. 24,709.

PATENTS—INFRINGEMENT—AUTOMATIC FIRE EXTINGUISHER.

The Freeman patent, No. 415,166, for an automatic fire extinguisher, in view of the prior art, cannot be construed broadly to cover the principle of the "strut" form of valve support, as distinguished from the so-called "lever" type of support, but must be limited to the particular form of support described in the specification and drawings. As so construed, *held* not infringed.

In Equity. Suit for infringement of patent. On final hearing.

Offield, Towle & Linthicum, for complainant.
Gridley & Hopkins, for defendants.

KOHLSAAT, District Judge. This is a suit for the alleged infringement by defendants of claims 3 and 5 of letters patent No. 415,166, issued November 12, 1889, to John Freeman, for improvements in automatic fire extinguishers, which patent is now owned by complainant. Said claims read as follows:

"(3) In an automatic fire extinguisher, the valve and separable valve support, combined with the separable clamping plates to hold the parts of the valve support in contact, said plates extending laterally and being fusibly connected beyond the said support, substantially as described." "(5) The combination with the valve of an automatic fire extinguisher of the fulcrum, I, and the fusibly united independent valve support, consisting of a post, L, and a bent lever, M, one end of the post bearing against the valve, and the other against the bent lever, the direction of thrust of said post against the lever being at one side of the fulcrum, I, at a point lying between said fulcrum and the outer end of said lever, so as to tend to pull said outer end of lever, M, away from post, L, substantially as described."

The chief contention between the litigants is as to the state of the art prior to Freeman's invention. Complainant insists that Freeman was the first to utilize what it terms a "strut" form of valve support, as distinguished from the prior so-called "lever" type of support. This distinction is nowhere in the patent referred to. In the descriptive portion of the specifications the patentee states as one of the objects of his invention the provision "of improved mechanism for holding the valve closed, which shall, while acting upon the valve with great force, yet exert but slight strain upon the fusible

material"; and patentee described the piece, M, as a bent lever of the second order. The claims in question cover more than the parts composing the valve support proper, but the gist of the controversy herein relates to this separable or independent valve support; i. e. the lever and post. An examination of the prior art with reference to the existence of separable valve supports in automatic fire extinguishers discloses the fact that in patent No. 305,663, issued to J. R. Brown September 23, 1884, a separable valve support, consisting of two overlapping posts or struts, is shown. It may be conceded that in the drawings of the Brown patent the thrust of either post is in direct line with the point of support of the other, but provision is made in the specifications for placing one of the posts at an angle with the other, which would throw the direction of thrust of one post to one side of the point of support of the other. The Harkness patents, Nos. 323,578 and 356,874, also show separable valve supports, as also does the Neracher patent, No. 388,905. In Harkness patent, No. 356,874, a lever, L, and strut, M, corresponding in function and operation to the lever, M, and post, L, of complainant's device, are specifically named, and the thrust of the strut or post against the lever is described as being to one side of the fulcrum of the lever. This relative direction of the thrust of the post supporting the valve to the fulcrum of the lever is also described in Neracher patent, No. 361,179. In fact, as regards both the principle of operation and general form, defendants' device more nearly utilizes the ideas embraced in this last-named Neracher patent than those shown in the Freeman patent; and the general operation and appearance of defendants' sprinkler could very readily be evolved by attaching a duplicate of arm, 6, to post, 7, in the Neracher sprinkler, in lieu of the arm, 4, which is attached to the yoke. As I am of the opinion that the principle involved in complainant's device is nothing more than is embodied in the lever and post of the prior art, it follows that whatever is patentable in complainant's device is confined by the prior art to the particular form of valve support shown in complainant's specifications and drawings. In other words, that complainant is not entitled to the broad construction of the claims of its patent which might be accorded to a pioneer invention. In this view of the nature of complainant's patent. it was practically conceded on the hearing that defendants' sprinkler could not reasonably be held an infringement of the Freeman patent. The bill is dismissed for want of equity, on the ground of noninfringement.